NOT FOR PUBLICATION                                                             CLOSED

# UNITED STATES DISTRICT COURT
# DISTRICT OF NEW JERSEY

_____
                                    :
ERMITANIO LEBRON,                   :
         Plaintiff,                 :
                                    :    Civil Action No. 12-5118
                                    :
    v.                              :    **OPINION & ORDER**
                                    :
COMMISSIONER OF SOCIAL SECURITY     :
                                    :    Dated: June 18, 2013
         Defendant.                :
_____:

**HOCHBERG, District Judge:**

       This matter comes before the Court upon Plaintiff's motion to review a final determination of the Commissioner of the Social Security Administration (the "Commissioner") pursuant to the Social Security Act to 42 U.S.C. § 405(g) and 42 U.S.C. § 1383(c)(3). Plaintiff argues that the Commissioner's decision is not based on the substantial evidence in the record.

**I.    BACKGROUND**

    **A.    PLAINTIFF'S MEDICAL AND VOCATIONAL HISTORY**

       Plaintiff is currently a 60 year old man. (Tr. 56.) Plaintiff last worked in 2003 making deliveries for and cleaning up around a furniture store. (Tr. 57.) On April 10, 2007, Plaintiff filed an application for Disability Insurance Benefits, alleging disability beginning on November 21, 2003 due to "asthma, nerves, and osteoporosis."[1] (Tr. 166-169, 191-201.)

       Between 2003 and 2011 Plaintiff sought medical treatment on various occasions for alleged mental and physical impairments. (Tr. 253-376.) Plaintiff was treated and prescribed

---

[1] Plaintiff was 54 years old at the time he applied for Disability Insurance benefits, and 50 years old at the alleged onset date.

1

medication for asthma and depression with psychosis. (Tr. 253-376.) Plaintiff continued to seek medical treatment from Trinitas Hospital through 2011, and his symptoms have been controlled with medication.

Throughout the same time period, Plaintiff alleged pain in his back. While doctors noted that Plaintiff suffered from degenerative disc condition,[2] medical records show that Plaintiff has not had physical limitations due to his back condition.[3] Dr. Schoen, a non-examining state agency medical consultant, noted that the record showed "no fractures, dislocations, and normal gait with generalized pain and no local joint movement." (Tr. 262.) Dr. Schoen's opinion was that Plaintiff's asthma and osteoporosis were non-severe impairments. (Tr. 264.) Another non-examining state agency medical consultant, Dr. Walsh, affirmed these findings on October 11, 2007. (Tr. 267.) At the 2009 hearing, Plaintiff testified that his knees hurt, that he forgets everything, and that his lower back "hurts a little bit." (Tr. 60.) He also testified that he receives patches and pills for his pain. (Tr. 60.)

**B.     Procedural History**

On April 10, 2007, Plaintiff filed an application for a period of disability and disability insurance benefits alleging disability as of November 21, 2003. (Tr. 166-169.)  This application was denied initially (Tr. 81) and on Reconsideration. (Tr. 105-107.)  Thereafter, Plaintiff requested a hearing before an Administrative Law Judge ("ALJ"). (Tr. 108-109.)  The hearing convened on May 4, 2009 before ALJ Richard West, at which Plaintiff appeared with his

---

[2] A December, 2008 X-ray report stated this condition existed without fractures present and further noted the same condition had appeared on a previous study dated March 2007. (Tr. 353.)
[3] One examination of Plaintiff on March 15, 2007 noted no spinal tenderness, 5/5 strength, no weakness, and intact sensation. (Tr. 254.) On April 9, 2007, Plaintiff continued to complain of pain and while the degenerative joint disease of the lumbar spine and osteopenia were noted, Plaintiff reported no restriction with activities (Tr. 253-260.)  Other examination reports were similarly devoid of strength or lifting ability restrictions.

2

attorney and testified. (Tr. 51-80.) ALJ West issued a decision on May 22, 2009, finding that Plaintiff was not disabled and was not entitled to benefits. (Tr. 83-92.) The Appeals Council subsequently granted Plaintiff's request for review of the hearing decision on September 16, 2009 and remanded it for a new hearing. (Tr. 93-96.) The Appeals Council requested clarification regarding: Plaintiff's ability to work given the limitations that would be caused by Plaintiff's difficulties in maintaining social functioning; clarification as to whether or not Plaintiff was able to communicate in English; further evaluation of Plaintiff's mental impairments in accordance with 20 C.F.R. § 404.1520(a); further consideration to Plaintiff's maximum residual function capability (RFC) with appropriate rationale and specific references to evidence of record in support of the assessed limitations; and evidence from a vocational expert to clarify the effect of the assessed limitations to Plaintiff's occupational base. (Tr. 93-96.)

A second hearing was held on May 10, 2011 before ALJ West. Plaintiff appeared with his attorney, and testimony was received from Plaintiff and a vocational expert. (Tr. 34-50.) On June 3, 2011, ALJ West again issued a decision finding that Plaintiff was not disabled and was not entitled to benefits. (Tr. 15-33.) Upon appeal, the Appeals Counsel denied Plaintiff's request for further review. (Tr. 1- 5.) Plaintiff then timely commenced action in this Court on August 14, 2012.

## C. Statutory Standard for Finding Disability

An individual is disabled under the Social Security Act if he is unable to "engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A). A physical

3

or mental impairment is defined as "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques. 42 U.S.C. § 423(d)(3). Further, an individual is determined to be disabled "only if his physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy…." 42 U.S.C. § 423(d)(2)(A).

To determine whether a claimant meets this definition of disability, the Commissioner applies the following sequential analysis prescribed by Social Security regulations, 20 C.F.R. § 416.920(a):

Step One: Substantial Gainful Activity. The Commissioner first considers whether the claimant has work activity that is substantial gainful activity.[4] If the claimant is currently engaged in substantial gainful activity, the claimant will be found not disabled without consideration of his medical condition. 20 C.F.R. § 416.920(b).

Step Two: Severe Impairment. If the claimant is not engaged in substantial gainful activity, he must then demonstrate that he suffers from a severe impairment or combination of impairments that together can be considered severe and meet the durational requirement.[5] A "severe impairment" is one "which significantly limits [the claimant's] physical or mental capacity to perform basic work activities."[6] If the claimant does not demonstrate a severe

---

[4] "Substantial" work involves significant physical and mental activities. "Gainful" work is performed for pay or profit. 20 C.F.R. § 416.972.
[5] "Unless your impairment is expected to result in death, it must have lasted or must be expected to last for a continuous period of at least 12 months. " 20 C.F.R. § 416.909
[6] Basic work activities include, *inter alia*, physical functions such as walking, standing, sitting, lifting, pushing, pulling, reaching, carrying, or handling; capacities for seeing, hearing, and speaking; understanding, carrying out, and remembering simple instructions; use of judgment;

impairment, he will be found not disabled. The claimant's age, education, and work experience are not considered. 20 C.F.R. §416.920(c).

Step Three: Listed Impairment. If claimant demonstrates a severe impairment (or impairments), the Commissioner will then determine whether the impairment(s) meets or equals an impairment listed on the Listing of Impairments set forth in 20 C.F.R. Part 404, Subpart P, Appendix 1. If the claimant has such impairment, he is found disabled. If not, the Commissioner proceeds to the fourth step. 20 C.F.R. § 416.920(d).

Step Four: Residual Functional Capacity. At Step Four, the Commissioner uses available medical records and other evidence to determine whether, despite his impairment, the claimant retains the RFC[7] to perform his past relevant work. If so, the claimant is found not disabled and the inquiry proceeds no further. If not, the Commissioner proceeds to the fifth step. 20 C.F.R. § 416.920(e)-(f).

Step Five: Other Work. If the claimant is unable to perform his past relevant work, the Commissioner considers the same RFC used in step four, along with vocational factors such as age, education, and work experience to determine if the claimant is able to make an adjustment to other work. If he cannot, the claimant is found disabled. 20 C.F.R. § 416.920(g).

This five-step analysis involves shifting burdens of proof. Wallace v. Sec'y of health & Human Servs., 722 F.2d 1150, 1153 (3d Cir. 1983). The claimant bears the burden of persuasion through the first four steps. Bowen v. Yuckert, 482 U.S. 137, 146 n.5 (1987). If the analysis

---

responding appropriately to supervision, co-workers and usual work situations; and dealing with changes in a routine work setting. 42 USCA APP., 20 CFR § 404.1521.

[7] RFC designates the claimant's ability to work on a substantial basis despite his physical or mental limitations. The RFC determination is not a decision as to whether a claimant is disabled, but is used as a basis for determining the particular types of work a claimant may be able to perform despite his impairment(s). See 20 C.F.R. §416.945.

reaches the fifth step, however, the Commissioner bears the burden of proving that the claimant is able to perform other work available in the national economy. Id.

### D. The ALJ's June 3, 2011 Decision

ALJ West applied the five-step analysis required by Social Security regulations, 20 C.F.R. § 416.920(a), and first determined that Plaintiff had not engaged in substantial gainful activity from November 21, 2003, Plaintiff's alleged onset date, through December 31, 2007, his date last insured. (Finding 2, Tr. 23.) At step two, ALJ West determined that Plaintiff suffered from a combination of severe impairments and non-severe impairments. Specifically, Plaintiff suffered from asthma and depression, which were deemed "severe," and "back pain/osteoporosis/osteopenia," which were deemed "non-severe". (Finding 3, Tr. 23.)

At step three the ALJ determined that Plaintiff's condition did not meet or medically equal an impairment listed in Appendix 1 of the Social Security Regulations.[8] (Finding 4, Tr. 23.) At step four, the ALJ determined that Plaintiff retained a Residual Functional Capacity that did not include any exertional limitations, thus Plaintiff was able to perform a full range of work at all exertional levels. (Finding 5, Tr. 25.) Plaintiff's RFC further allowed for Plaintiff to understand, remember, and carry out simple 1-2 step instructions; would only allow for occasional verbal interactions with the general public and coworkers; and required Plaintiff to avoid concentrated exposure to dust, fumes, and similar occupational irritants. (Finding 5, Tr. 25.) Given this RFC, the ALJ found that Plaintiff was unable to perform his past relevant work as a delivery person and sander prior to the date last insured. (Finding 6, Tr. 28.)

---

[8] ALJ West clearly explains how the claimant may be found to have asthma but not meet the requirements set forth in listings 3.02 or 3.03; and further how claimant's mental impairment did not meet the criteria listed in 12.04. (Tr. 23-24.)

At step five, the ALJ considered additional vocational factors such as Plaintiff's age, education, work experience and RFC in conjunction with the Medical-Vocational Guidelines, 20 C.F.R. Part 404, Subpart P, Appendix 2, along with the testimony of both the claimant and a vocational expert. (Finding 10, Tr. 28.) The ALJ determined that Plaintiff was not disabled because he could have performed a number of jobs that "existed in significant numbers in the national economy." (Finding 10, Tr. 28.)

## II. DISCUSSION

### A. Standard of Review

When reviewing the Commissioner's decisions, the Court must uphold any findings of fact if "substantial evidence" exists in the record to support those findings. 42 U.S.C. § 405(g). Further, the Court uses a deferential standard when determining whether substantial evidence exists in the record. Fargnoli v. Massanari, 247 F.3d 34, 38 (3d Cir. 2001). Substantial evidence is "more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate." Plummer v. Apfel, 186 F.3d 422, 427 (3d Cir. 1986) (quoting Ventura v. Shalala, 55 F.3d 900, 901 (3d Cir. 1995)). If the Commissioner's findings are supported by substantial evidence, the Court is "bound by those findings, even if we would have decided the factual inquiry differently." Fargnoli v. Massanari, 247 F.3d 34, 38 (3d Cir. 2001); *see* 42 U.S.C. § 405(g).

### B. Review of the Commissioner's Decision

Plaintiff challenges the decision of the Commissioner asserting that the ALJ's decision is not based on substantial evidence in the record. Plaintiff argues that the ALJ erred in the second step of the five-step analysis by finding that the claimant's alleged back pain and existing back condition were not severe impairments and did not significantly impair his ability to work by

imposing exertional limits. Further, Plaintiff argues that even if he had no exertional limits, he would still be found disabled as of his fifty-fifth birthday, as the vocational expert testified at the hearing. (Pl. Br. 10-11, 14-16.)

The ALJ's finding that Plaintiff's back pain was a non-severe impairment that did not impair Plaintiff's exertional abilities is supported by substantial evidence in the record, which the ALJ cites to in his decision. (Tr. 21, 22, 23.) Specifically, ALJ West gives a brief overview of Plaintiff's alleged symptoms and treatment history. For example, the ALJ cites to several different medical records where Plaintiff's examinations revealed "no spinal tenderness, 5/5 strength, and intact sensation," "no restriction with activities," and "no fractures, dislocations, and a normal gait with generalized pain and no local joint involvement" resulting in "non-severe impairments." (Tr. 21.) Further, the ALJ addresses Plaintiff's "degenerative disc disease between L4 and S1," by citing to the medical records and explaining that the condition had not worsened from March 28, 2007 through December 1, 2008. (Tr. 23.) Moreover, Plaintiff's brief admits that this degenerative disc condition "would not normally prove disability in and of itself prior to [date last insured]." (Br. 10.)

The ALJ is responsible for weighing the credibility of the evidence and indicating which evidence he rejects and his reasons for discounting such evidence. Burnett v. Comm'r of Soc. Sec. Admin., 220 F.3d 112, 121 (3d Cir. 2000). The ALJ set forth clearly which evidence he used, and his reasons for finding that Plaintiff's alleged impairments were not severe impairments that imposed exertional limits upon Plaintiff. (Tr. 23, 25.) He explained that: "After careful consideration of the evidence, the undersigned finds that the claimant's medically determinable impairments could reasonably be expected to cause the alleged symptoms, however, the claimant's statement concerning the intensity, persistence, and limiting effects of these

symptoms are not credible to the extent they are inconsistent with the above residual functional capacity assessment." (Finding 5, Tr. 25.) Therefore, upon review of the ALJ's decision and the record, substantial evidence exists to support the ALJ's finding that Plaintiff's alleged back impairment is not severe. Thus, this part of the ALJ's decision is affirmed.

However, ALJ West erred in his June 3, 2011 decision by incorrectly classifying Plaintiff according to 20 C.F.R. § 404.1563, and disregarding relevant testimony from the vocational expert regarding Plaintiff's ability to find work at age fifty-five without explaining his decision to do so.

While ALJ West correctly stated Plaintiff's date of birth and age of 55 as of his date last insured, (Finding 6, Tr. 28), he found that a person who is 55 years old is classified as "closely approaching advanced age" per 20 C.F.R. § 404.1563. However, according to the regulation cited, a person who is 55 years old is deemed to be a "person of advanced age." 20 C.F.R. § 404.1563(e). The regulation notes that this designation "significantly affects a person's ability to adjust to other work." Id.

Moreover, at the hearing, the vocational expert testified that a hypothetical person who is similarly situated to Plaintiff would be unable to perform any work in the local and national economy upon reaching 55 because of his age. (Tr. 43-47.) Plaintiff argues that this testimony alone should be sufficient to find that Plaintiff was disabled as of his fifty-fifth birthday. Commissioner argues that the vocational expert's testimony that Plaintiff would be disabled under the Medical-Vocational Guidelines when he reached age 55 was "simply incorrect." (Br. 11.)[9] While ALJ West does cite the vocational expert's testimony to support his finding that

---

[9] It is unclear if the vocational expert was basing his response on the Dictionary of Occupational Titles or the Medical-Vocational Guidelines.

Plaintiff could have performed three different jobs in the local and national economy,[10] his findings and explanations are void of any reference to his own question regarding a 55 year old claimant and the vocational expert's response. There is no indication as to what weight, if any, the ALJ gave to the vocational expert's testimony that a similarly situated fifty-five year old claimant would be unable to find work in the local or national economy.

As noted above, it is certainly within the ALJ's discretion to reject and/or discount evidence, as long as he provides explanation as to why he is doing so. Burnett v. Comm'r of Soc. Sec. Admin., 220 F.3d at 121 (3d Cir. 2000). Here, the ALJ failed to explain if and why he rejected or discounted the vocational expert's relevant testimony that an individual similarly situated to Plaintiff would be unable to find work at the age of 55, and how this factored in to his finding that Plaintiff is not disabled. Thus, the Court remands this case for the ALJ to consider and explain whether or not Plaintiff was unable to find work and therefore disabled as of his fifty-fifth birthday.

## III. CONCLUSION & ORDER

For the reasons set forth above,

**IT IS** on this 18th day of June, 2013, hereby

**ORDERED** that the decision of the Commissioner is **AFFIRMED** in part and **REMANDED** in part; and it is further

**ORDERED** that this case be remanded for further review of the issue addressed in the Opinion; and it is further

**ORDERED** that this case is **CLOSED**.

/s/ **Faith S. Hochberg**
Hon. Faith S. Hochberg, U.S.D.J.

---

[10] See Finding 10, Tr. 28.